JOHN M. WELCH, SR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 30227, 41811. Promulgated March 25, 1930.

*Fred A. Behr, Esq.*, and *Mervyn B. Walsh, C. P. A.*, for the petitioner.

*Bruce A. Low, Esq., L. H. Rushbrook, Esq.*, and *F. J. Van Haaften, Esq.*, for the respondent.

OPINION.

SMITH: The question presented by these proceedings is whether the gains on certain installment collections from the sale of real estate owned by the petitioner constitute taxable gains under the provisions of section 208 of the Revenue Acts of 1924 and 1926. This claim is made only with respect to installment collections upon sales of real estate made subsequent to 1920. Although the petitioner claimed the amount of capital gains in his returns for 1924, 1925, and 1926 as $61,782.94, $71,235.19, and $41,002.36, respectively, he now contends that the evidence of record shows capital gains from installment collections in the following amounts:

| | |
|---|---|
| 1924 | $37,682.85 |
| 1925 | 47,692.97 |
| 1926 | 24,511.28 |

The respondent in computing the deficiencies made certain adjustments in the net installment collections to which no exception is taken by the petitioner. The only point for our decision is whether the net installment collections in the amounts claimed in the petitioner's brief for the years 1924, 1925, and 1926 constitute " capital gains " within the meaning of the taxing acts.

Section 208 (a) of the Revenue Acts of 1924 and 1926 provides in part as follows:

For the purposes of this title—

(1) The term " capital gain " means taxable gain from the sale or exchange of capital assets consummated after December 31, 1921;

\* \* \* \* \* \* \*

(8) The term " capital assets " means property held by the taxpayer for more than two years (whether or not connected with his trade or business), but does not include stock in trade of the taxpayer or other property of a kind

which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year, or property held by the taxpayer primarily for sale in the course of his trade or business.

The Revenue Act of 1921 contains substantially the same definition of " capital assets " without the concluding clause contained in the later acts. The reason for the addition of the last clause to the definition of the term " capital assets " in the Revenue Act of 1924 was explained by Mr. Green, Chairman of the Committee on Ways and Means, in his report accompanying H. R. 6715, as follows:

The last part of the definition of capital assets is changed to remove any doubt as to whether property which is held primarily for resale constitutes a capital asset, whether or not it is the type of property which under good accounting practice would be included in the inventory. (Rept. 179, 1st sess., 68th Cong.)

A similar explanation is found on page 18 of " Statement of Changes " made in the Revenue Act of 1921 by H. R. 6715 and reasons therefor prepared for the use of Committee on Finance March 6, 1924, which incorporates the preceding excerpt from Mr. Green's report.

It may at once be admitted that real estate is not property to be included in the inventory. We so held in *Atlantic Coast Realty Co.*, 11 B. T. A. 416, and *Albert F. Keeney*, 17 B. T. A. 560. As we see the problem presented by these proceedings, it is whether the real estate owned by the petitioner and sold partly during the taxable years and partly in prior taxable years constituted property held by the petitioner primarily for sale in the course of his trade or business. What connotation is to be given to this language of the taxing acts as applied to the instant proceedings?

We think that it means that where a person is engaged in business and in the conduct of that business sells property which is held for sale in the business, such person may not claim the benefit of the capital gains provision of the statute. The question here is whether the petitioner was engaged in a real estate business during the years 1924, 1925, and 1926. We think that he was. He was a member of a partnership which was actively engaged in a real estate business and which was selling and endeavoring to sell the property held by the petitioner. Clearly, he was engaged in the real estate business in which the partnership was engaged. But the evidence shows further that the petitioner had over a series of years subdivided different tracts of land and held the lots in such subdivisions for sale. We think, indeed, that as an individual the petitioner was engaged within the meaning of the statute in a real estate business.

There can be no question that the real estate owned by the petitioner was property within the meaning of section 208 (a) (8) of

the Revenue Acts of 1924 and 1926 and that the property was held primarily for sale. That was the determination of the respondent and the evidence does not show the contrary. We are therefore of the opinion that the petitioner is not entitled to the benefit of the capital gains provision of the Revenue Acts of 1924 and 1926 for the taxable years involved in respect of the installment collections here in question.

Reviewed by the Board.

*Judgment will be entered for the respondent.*

TRUSSELL dissents.